No. 18,635.

GATES FACTORY STORE, ET AL. *v.* CARL HORACE COLEMAN.

(350 P. [2d] 559)

Decided March 28, 1960.

Mr. DAYTON DENIOUS, Mr. OMER GRIFFIN, for plaintiffs in error.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

THE parties here appear in inverse order of their appearance in the trial court. The only question presented is whether the damages awarded by the trial court were excessive. We conclude that they were.

Gates sold four automobile tires to Coleman in April of 1956. On November 4th of that year Gates caused these tires to be "repossessed" by having its agent remove them from Coleman's automobile as it was parked in front of his home. This repossession occurred some four days after Coleman had made the final payment due on the contract of sale, a time when his liability under the contract had been completely discharged. Gates attributes this to a "foul up" or "mistake," while Coleman asserts that it was done wilfully and maliciously.

The case was tried to the court, which entered its judgment in favor of Coleman in the amount of $1,000.00, plus costs and interest.

The sole ground of error here urged being the excessiveness of these damages, provisions of the complaint pertinent thereto are hereafter set forth:

"II

"That on November 4, * * * (defendant's agent) did wilfully and wrongfully remove from the posession of plaintiff four automobile tires of the approximate value of One Hundred Dollars ($100.00).

" * * *

"VI

"That the wrongful and malicious action on the part of the defendants deprived the plaintiff of the possession and use of his property, deprived him of the use of his automobile, caused him to incur the expense of securing legal counsel to protect his rights, and also the added expense of replacing the property wrongfully taken by defendants. The plaintiff suffered great personal embarrassment and irreparable damage to his business and credit standing; thus resulting in aggregated damages to the plaintiff in the amount of Three Thousand Dollars ($3000.00).

"WHEREFORE, plaintiff prays judgment against the defendants or defendant liable for such damages to the plaintiff in the amount of Three Thousand Dollars ($3000.00) and such other and further relief as to the court may seem proper."

■ No other mention of special damages is to be found in the pleadings, and no evidence of the extent of such damages is to be found in the record. Also there is no mention of exemplary damages to be found in the complaint. Notwithstanding the lack of pleading or evidence to justify an award of exemplary damages, the trial court in rendering judgment clearly indicated punishment to be the basis of its award.

■ ■ The only evidence of actual damages consists of documents and testimony establishing the purchase price of the four tires to be $71.16, plus evidence of the amount expended by Coleman on replacement tires,

which he testified to as " * * * eventually it (sic) cost around $50.00." There was no evidence offered as to the value of the tires taken at the time and place of their conversion. It is well settled that the value of the property taken, plus an additional amount equal to the legal rate of interest upon such value from the time of conversion to the time of the trial, is the proper measure of damages in trover and conversion actions. See *The Sigel-Campion Live Stock Co. v. Holly,* (1908) 44 Colo. 580, 583, 101 Pac. 68.

Upon the record presented to us it was error to enter judgment for $1000.00 which obviously was intended to include exemplary damages notwithstanding the fact that the complaint raised no issue thereunder.

The judgment is reversed and remanded with directions to grant a new trial.