MERCANTILE FINANCIAL CORPORATION, a Corporation, Plaintiff-Appellee,

v.

Gene HAMMIT, Individually and d/b/a Amity Farms, Defendants-Appellants.

No. 82CA1469.

Colorado Court of Appeals, Div. II.

March 15, 1984.

Lefferdink & Davis, John S. Lefferdink, Lamar, for plaintiff-appellee.

Johnson & McLachlan, Larry Stutler, Lamar, for defendants-appellants.

SMITH, Judge.

In this breach of contract case, the plaintiff, Mercantile Financial Corporation, (Mercantile) sought to recover from defendant, Gene Hamitt, monthly lease payments on certain farm equipment, return of the equipment, attorney fees, and costs. From a judgment in favor of Mercantile, Hamitt appeals. We affirm in part, reverse in part, and remand to the trial court with directions for modification of the judgment.

. The undisputed evidence presented at trial to the court discloses that in May of 1967 the parties entered into a five year lease covering certain items of farm equipment. This lease expired in May of 1972. All rental payments required to be made during the term of the lease were paid in full by Hamitt to Mercantile.

During the months of January, February, March, and April of 1972, Mercantile wrote a series of letters to Hamitt in which it undertook to advise Hamitt concerning the options which would be open to him after the lease had expired in April. Each of the five letters advised Hamitt that, at the expiration of the lease, he could purchase the equipment for the sum of $3,709.55. These letters declared that the only way Hamitt could retain and continue to use the equipment was to acquire title to it by such purchase. The trial court found that Hamitt did not agree to accept the purchase option. Hamitt made no payments after May of 1972 when the lease terminated, but admittedly continued to use some of the leased equipment for four or five years thereafter.

Nearly a year after the lease had expired an attorney for Mercantile wrote to Hamitt demanding payment of $3,709.55, and advising that if payment was not received, the matter would be forwarded to a Colorado attorney with instructions to repossess the property. Hamitt did not respond to this demand, and nothing further transpired until September of 1981 when Mercantile demanded payment of $45,070.56 in rentals due under the automatic renewal provision of the lease as well as return of the equipment. Receiving no response to that demand, Mercantile commenced this suit, seeking possession of the equipment and a judgment for accrued rentals under the automatic renewal provision of the lease. It also requested judgment for rentals that would accrue to the date of judgment, together with costs and attorneys fees. The defendant asserted the defenses of estoppel, waiver, and laches.

At the conclusion of the trial the court concluded, based upon the essentially undisputed facts adduced, that Hamitt was not misled to his prejudice by Mercantile's conduct. It further concluded that Mercantile was guilty of unreasonable delay and equitably should not be entitled to all of the relief sought. The court likewise concluded that Hamitt should not, as a matter of equity, be entitled to use the equipment after the initial term of the lease without being required to compensate Mercantile.

In constructing what it believed to be equitable relief in its judgment, the trial court concluded that: "It would be reasonable and equitable that [Mercantile] should recover from [Hamitt] rental under the renewal provisions for a term of two years, or a sum of $10,014.68 together with reasonable attorneys fees and costs in the amount of $1,200 or a total sum of $11,214.68." The trial court further ruled that: "As an equitable matter that the remaining equipment under the lease should become the property of [Hamitt] by virtue of the entry of this judgment."

We accept the findings of fact made by the trial court, as indeed we must. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979). However, we reject, as inappropriate, the trial court's conclusions as to the remedy which ought to be applied in this case. It is true that the lease provided that:

"After its initial term this lease shall be automatically renewed each year for a term of one year upon terms and conditions hereof at the renewal rental specified on the reverse hereof, payable in advance, unless lessee gives lessor written notice of cancellation at least thirty days before the expiration of the initial or subsequent renewal terms. If a renewal rental is not specified on the reverse hereof, then the renewal shall be on a month to month basis with rent equal to the monthly installments of the initial terms of the lease."

However, the face of the lease was silent as to renewal terms, and therefore, even if this provision were to come into operation, the continuing lease would be on a month to month basis.

The lease provided, in addition, that in the event of default in the payment of any sums due under the lease, Mercantile, at its option, might cancel the lease, declare all sums due or to become due thereunder immediately due and payable, and might undertake to repossess the property—title to which at all times remained in Mercantile.

Based upon the trial court's conclusion, with which we agree, that a delay of almost ten years in asserting its rights constituted laches, enforcement of the renewal rental provisions would, in our view, be inequitable. We believe the trial court could well have concluded that Mercantile's repeated assertions, both prior to and after expiration of the lease, that the only way Hamitt could retain the equipment was to purchase it, and that his failure to do so would cause it to be repossessed was a repudiation of the renewal provisions of the lease. At the very least, it was the kind of representation which should cause it to be estopped some nine years later, from asserting its right to recover under the renewal rental provisions.

We therefore reject the trial court's ultimate determination that Mercantile was entitled to rental under the renewal provisions for a term of two years. In light of the undisputed facts and the findings of the trial court, Mercantile has either terminated the lease pursuant to its terms or it has waived the right, or is estopped by its own conduct, to assert any entitlement under the renewal rental provision of the lease.

However, we agree with the trial court's conclusion that it would be inequitable to allow Hamitt to continue to use the equipment without providing some remedy to Mercantile.

Inasmuch as both Hamitt and Mercantile agreed at the trial that the fair market value of the equipment at the expiration of the lease was $3,709.55, we conclude that Hamitt's refusal to pay rental thereafter, while keeping and using the equipment, was tantamount to an acceptance of Hamitt's offer to sell, if not indeed a conversion of Mercantile's equipment. In either event, the appropriate measure of damages would be the fair market value of the property at the time the lease expired. *Gates Factory Store v. Coleman*, 142 Colo. 246, 350 P.2d 559 (1960).

We conclude that judgment should have been entered in favor of Mercantile and against Hamitt for the agreed fair market value of the equipment, $3,709.55, together with interest thereon from the date of the expiration of the lease in May of 1972. Under this resolution, we may affirm the trial court's judgment decreeing that title to the equipment should be vested in Hamitt.

We find no error in the trial court's determination of Mercantile's entitlement to costs and attorney fees, since these were specifically provided for in the original lease.

The judgment, therefore, is affirmed as to the finding of liability on the part of Hamitt and the vesting in him of title to the equipment, as well as the award of costs and attorney fees; it is reversed as to the award of rental damages; and the cause is remanded with directions to amend the judgment in accordance herewith.

BERMAN and METZGER, JJ., concur.