**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1445
_____

VANDYKE JOHNSON,

Appellant

v.

ALEXANDRA MARTE PERALTA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 12-cv-03604)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 7, 2015
Before:  CHAGARES, JORDAN and GARTH, Circuit Judges

(Opinion filed January 13, 2015)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Vandyke Johnson appeals from an order of the United States District Court for the District of New Jersey, which denied his motion to reopen his case. For the reasons that follow, we will affirm the Court's judgment.

Johnson filed a complaint against his former wife, based on diversity jurisdiction, raising claims of libel, slander, defamation of character, intentional infliction of emotional distress, and negligent infliction of emotional distress. On February 27, 2013, the District Court dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2) because the complaint failed to state a claim upon which relief could be granted. Some five months later, Johnson filed a motion titled, "Rule 60 Motion for Relief from State Final Judgement Under Rule 60(b)(3) and (4)," in which he sought to have vacated a Final Restraining Order entered by the New Jersey Family Court. On September 11, 2013, the District Court dismissed the motion, noting that the case was closed, and that Johnson had not moved to reopen the case or amend the complaint. About three months later, Johnson filed a motion to reopen the case and amend the complaint. The District Court denied the motion in an order entered on January 9, 2014, and Johnson appealed.

Johnson seeks to appeal the orders entered in February and September of 2013, and the order entered in January of 2014. However, we lack jurisdiction to review the two earlier orders, because the notice of appeal was not timely with regard to those orders. Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case in which the United States is not a party must be filed within 30

days of the date of entry of the judgment or order appealed. The first order Johnson seeks to appeal was entered on February 27, 2013, and the second was entered on September 11, 2013. Johnson's Notice of Appeal was filed on February 7, 2014, which is more than 30 days after entry of these orders.

The time to appeal is tolled if, within 28 days of entry of judgment, a party files a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure. Fed. R. App. P. 4(a)(4)A)(vi). While Johnson filed two motions that could be construed as Rule 60 motions, neither was filed within 28 days of entry of the two earlier orders. Because the time periods prescribed for filing a notice of appeal are mandatory and jurisdictional, see Bowles v. Russell, 551 U.S. 205, 210 (2007), we lack jurisdiction to consider those two orders.[1]

We do have jurisdiction, under 28 U.S.C. § 1291, to consider the District Court's January 2014 order denying Johnson's motion to reopen, as Johnson timely appealed from that order. Johnson's motion asked the Court to give him 60 days to amend his complaint to add the State of New Jersey as a defendant, "for enforcing a void Final Restraining Order" entered against him by the New Jersey State Family Court. The

---

[1] We recognize that the February order dismissed Johnson's complaint without prejudice, and that such a dismissal is normally not final and appealable. The Court did not instruct Johnson to amend his complaint within any certain time period. But because the one-year statute of limitations had already run on Johnson's claims, see N.J. Stat. Ann. § 2A:14-3 (one-year limitation on "libel or slander"), the February order was final and appealable when entered. See Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002) (stating that an order dismissing a claim without prejudice is final and appealable if the statute of limitations for that claim has expired and plaintiff is time barred from re-filing his complaint); Swan v. Boardwalk Regency Corp., 969 A.2d 1145, 1154 (N.J. Super. Ct. App. Div. 2009) (§ 2A:14-3 applies to all false light and defamation claims).

3

District Court denied the motion, finding that Johnson had failed to show "extraordinary circumstances" to justify reopening the case. The order also notified Johnson that if he wished to bring a complaint against his ex-wife or the State of New Jersey, he would have to file a new complaint in a court of competent jurisdiction, and would have to "allege facts sufficient to state a claim for relief against those parties." Dkt. 22 at 2.

A post-judgment motion seeking to amend a complaint is construed as a motion filed pursuant to Fed. R. Civ. P. 60(b). Ahmed v. Dragovich, 297 F.3d 201, 208-09 (3d Cir. 2002). We review a District Court's order denying such a motion for abuse of discretion. Id. at 209. If, as here, amendment of the complaint would be futile, then the District Court has "a valid reason both for denying a motion to amend [the complaint under Fed. R. Civ. P.] Rule 15 and for refusing to reopen the judgment under Rule 60(b)." Id. (citation and quotation omitted). As we have explained, see supra note 1, any complaint based on the events in Johnson's original complaint was already time-barred by the time he filed his motion in December 2013. Thus, the District Court did not abuse its discretion by refusing to reopen the case.[2]

For the foregoing reasons, we will affirm the District Court's judgment.

---

[2] To the extent Johnson sought to bring new claims based on his divorce proceedings that took place in 2013, the District Court properly advised Johnson that he would need to file a new complaint raising those claims. See Fed. R. Civ. P. 15(c) (amendments relate back to the date of the original pleading only if they "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading").