13-4890-cv
Alliance of Auto. Mfrs. v. Currey

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of April, two thousand fifteen.

Present:     ROSEMARY S. POOLER,
             SUSAN L. CARNEY,
                     *Circuit Judges*,
             JOHN GLEESON,[1]
                     *District Judge*.

———————————————————————————————

ALLIANCE OF AUTOMOBILE MANUFACTURERS, INC.,

                 *Plaintiff-Appellant*,

          v.                                             13-4890-cv

MELODY A. CURREY, in her official capacity as the
Commissioner of the Department of Motor Vehicles of the State
of Connecticut,

                 *Defendant-Appellee*,

CONNECTICUT AUTOMOTIVE RETAILERS ASSOCIATION,

                 *Intervenor-Appellee*.

———————————————————————————————

---

[1] The Honorable John Gleeson, United States District Court for the Eastern District of New York, sitting by designation.

Appearing for Appellant:        Daniel L. Goldberg (William N. Berkowitz, James C. McGrath, Michael C. D'Agostino, Samuel R. Rowley, *on the brief*), Morgan, Lewis & Bockius LLP, Boston, MA.

Appearing for Appellees:        Michael K. Skold, Assistant Attorney General (George Jepsen, Attorney General, *on the brief*), Office of the Attorney General, Hartford, CT, *for Defendant-Appellee Melody A. Currey*.

Jason T. Allen, Bass Sox Mercer, Tallahassee, FL (Thomas J. Murphy, James J. Healy, Cowdery & Murphy, LLC, Hartford, CT; Richard N. Sox, Jr., Bass Sox Mercer, Tallahassee, FL, *on the brief*), *for Intervenor-Appellee Connecticut Automotive Retailers Association*.

Appeal from the United States District Court for the District of Connecticut (Hall, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and ruling of said District Court be and hereby are **AFFIRMED**.

Plaintiff-appellant Alliance of Automobile Manufacturers, Inc. (the "Alliance") appeals from the December 2, 2013 judgment of the United States District Court for the District of Connecticut (Hall, *C.J.*) dismissing its suit against Melody A. Currey (the "Commissioner) challenging the facial constitutionality of the 2009 amendments (the "Reimbursement Provision" and "Recoupment Bar" or collectively the "2009 Amendments") to the Connecticut Franchise Act ("CFA"), Conn. Gen. Stat. § 42–133s (2009), and the May 28, 2014 ruling of the district court denying the Alliance's motion to reopen. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The Commissioner submits that the district court erred in concluding that the Alliance's claims are constitutionally ripe. We review the issue of ripeness de novo and perceive no error in the district court's ruling. *See Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005). As we have previously noted, "[i]n most cases, that a plaintiff has Article III standing is enough to render its claim constitutionally ripe." *In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, 725 F.3d 65, 110 (2d Cir. 2013) (citation omitted). We do not regard this case as an exception. The Alliance has alleged present harm in the form of increased costs for its members doing business in Connecticut as a result of the challenged legislation. Accordingly, the district court properly concluded that the Alliance's claims present "a real, substantial controversy, not a mere hypothetical question." *AMSAT Cable Ltd. v. Cablevision of Conn. Ltd. P'ship*, 6 F.3d 867, 872 (2d Cir. 1993) (internal quotation marks omitted).

We review de novo the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Sherman v. Town of Chester*, 752 F.3d 554, 560 (2d Cir. 2014). To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

The Alliance first contends that the 2009 Amendments violate the dormant Commerce Clause, which "limits the ability of States and localities to regulate or otherwise burden the flow of interstate commerce." *McBurney v. Young*, 133 S. Ct. 1709, 1719 (2013) (internal quotation marks omitted). We disagree.

State legislation runs afoul of the negative command of the Commerce Clause only where it: "(1) clearly discriminates against interstate commerce in favor of intrastate commerce, (2) imposes a burden on interstate commerce incommensurate with the local benefits secured, or (3) has the practical effect of extraterritorial control of commerce occurring entirely outside the boundaries of the state in question." *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 90 (2d Cir. 2009) (internal quotation marks omitted). As the Supreme Court has explained: "Our dormant Commerce Clause jurisprudence . . . is driven by a concern about economic protectionism—that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors." *McBurney*, 133 S. Ct. at 1719 (internal quotation marks omitted).

The Alliance's complaint fails to state a plausible claim under the dormant Commerce Clause. First, the Alliance does not allege facts that suggest the 2009 Amendments discriminate against interstate commerce. The complaint fails to allege that Alliance members, whose principal places of business and manufacturing facilities are all located outside of Connecticut, compete with any in-state entity in a single market. *See Selevan*, 584 F.3d at 95 ("Both an in-state interest and an out-of-state competitor are necessary because laws that draw distinctions between entities that are not competitors do not 'discriminate' for purposes of the dormant Commerce Clause.") (other internal quotation marks omitted). Nor can the Alliance state an undue burden claim under *Pike v. Bruce Church,, Inc.*, 397 U.S. 137 (1970), as the 2009 Amendments do not "impose a burden on interstate commerce that is qualitatively or quantitatively different from that imposed on intrastate commerce." *Nat'l Elec. Mfrs. Ass'n v. Sorrell*, 272 F.3d 104, 109 (2d Cir. 2001). Finally, that sales of some vehicles to Connecticut automobile dealers may occur outside of the state is insufficient to state a claim that the 2009 Amendments, on their face, exert unconstitutional extraterritorial control over out-of-state commerce. *See United States v. Decastro*, 682 F.3d 160, 168 (2d Cir. 2012) (party undertaking facial challenge must show that "no set of circumstances exists under which the statute would be valid, *i.e.*, that the law is unconstitutional in all of its applications, or at least that it lacks a plainly legitimate sweep" (internal quotation marks and brackets omitted)). Indeed, the Supreme Court has cautioned that "[i]n determining whether a law is facially invalid, [courts] must be careful not to go beyond the statute's facial requirements and speculate about 'hypothetical' or 'imaginary' cases." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449–50 (2008). Accordingly, the district court did not err in dismissing the Alliance's dormant Commerce Clause claim.

We next address the Alliance's contention that the 2009 Amendments are unconstitutional under the Contracts Clause, which provides that "No State shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. I, § 10. The Alliance argues that the Connecticut legislature substantially impaired its members' existing contracts with Connecticut

3

automobile dealers by amending the warranty reimbursement provisions in the CFA and enacting a bar on the recoupment of such costs.

To state a claim for violation of the Contracts Clause, a complaint must allege sufficient facts to demonstrate that a state law has "operated as a substantial impairment of a contractual relationship." *Gen. Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992) (internal quotation marks omitted). In determining whether an impairment is substantial we look primarily to "the extent to which reasonable expectations under the contract have been disrupted." *Sanitation & Recycling Indus., Inc. v. City of N.Y.*, 107 F.3d 985, 993 (2d Cir. 1997). Where a "plaintiff could anticipate, expect, or foresee the governmental action at the time of contract execution, the plaintiff will ordinarily not be able to prevail." *Sal Tinnerello & Sons, Inc. v. Town of Stonington*, 141 F.3d 46, 53 (2d Cir. 1998).

We agree with the district court that the facts alleged in the Alliance's complaint fail to suggest that the 2009 Amendments were unforeseeable to its members. The relationship between automobile manufacturers and Connecticut dealers has long been the subject of close state regulation, including of warranty reimbursement rates. *See* Conn. Pub Act 82–445, §§ 2(a) & (b) (effective June 8, 1982). Although the Recoupment Bar was a new feature of the CFA, it was eminently foreseeable that the legislature could seek to close a loophole in its regulatory scheme. *Cf. Alliance of Auto. Mfrs. v. Gwadosky*, 430 F.3d 30, 42 (1st Cir. 2005) (finding Maine's recoupment bar "a necessary means to effectuate the State's warranty reimbursement policy" and therefore, as a matter of law, "a foreseeable addition to that regulatory regime"). Because the Alliance's complaint does not plausibly allege substantial impairment, the district court properly dismissed its Contracts Clause claim.

Next, the Alliance argues that the Reimbursement Provision violates due process by arbitrarily interfering with its members' right to negotiate reimbursement rates and bears no rational relation to any public purpose.

"Substantive due process requires only that economic legislation be supported by a legitimate legislative purpose furthered by a rational means." *In re Chateaugay Corp.*, 53 F.3d 478, 486–87 (2d Cir. 1995) (internal quotation marks omitted). Indeed, legislation that does not infringe fundamental rights or target suspect classifications enjoys a "strong presumption of rationality." *Beatie v. City of N.Y.*, 123 F.3d 707, 712 (2d Cir. 1997). Thus to survive a Rule 12(b)(6) motion, a substantive due process claim must allege that the "legislature has acted in an arbitrary and irrational way." *Pension Ben. Guar. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 729 (1984) (internal quotation marks omitted).

The Alliance's complaint acknowledges that the legislature enacted the CFA to, among other reasons, "promote fair competition." That the Reimbursement Provision "may not succeed in bringing about the result [the legislature] seeks to accomplish" or that "no empirical evidence supports the assumptions underlying the legislative choice," are not bases on which a court may find challenged legislation violates substantive due process. *Beatie*, 123 F.3d at 712. The Alliance's complaint fails plausibly to allege that the facts relied on by the legislature "could not reasonably be conceived to be true by the governmental decisionmaker." *Id.* (internal quotation marks omitted). Accordingly, the district court did not err in concluding that the Alliance's

4

complaint did not allege facts from which a factfinder could reasonably infer arbitrary or irrational governmental action.

Since the district court properly dismissed the Alliance's constitutional claims, it was not improper for the court to decline to exercise its supplemental jurisdiction. 28 U.S.C. § 1367(c)(3) (A district court "may decline to exercise supplemental jurisdiction over [pendent state law claims] if . . . the district court has dismissed all claims over which it has original jurisdiction.").

Finally, the Alliance submits that the district court erred in finding that leave to amend would be futile and thereby denying its motion to reopen.

We review de novo the denial of leave to amend when "based on . . . a determination that amendment would be futile." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted). While "leave to amend should be freely granted when 'justice so requires,'" *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (quoting Fed. R. Civ. P. 15(a)), we detect no error in the district court's determination that the proposed amended complaint failed to allege facts sufficient to state a plausible claim for relief. As such, the district court did not abuse its discretion in denying the Alliance's motion to reopen.

We have considered the remainder of the Alliance's arguments and find them to be without merit.  Accordingly, the judgment and ruling of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5