Benjamin CUNNINGHAM, Appellant

v.

TOWER INSURANCE COMPANY, (CSB–2014–1033530), et al., Appellees.

No. 15–5194.

United States Court of Appeals, District of Columbia Circuit.

Dec. 29, 2015.

Benjamin Cunningham, Bronx, NY, pro se.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Defendant-Appellee.

BEFORE: SRINIVASAN and WILKINS, Circuit Judges; GINSBURG, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed May 21 and June 24, 2015, be affirmed. The district court did not abuse its discretion by dismissing appellant's complaint for failure to comply with Fed.R.Civ.P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks omitted); *see*

*also Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C.Cir.2004). Because the proposed amended complaint suffered from the same defect, amendment of the complaint would have been futile, so the district court did not abuse its discretion in denying appellant's motion to reopen his case for the purpose of amending the complaint. *See Firestone v. Firestone*, 76 F.3d 1205, 1208–09 (D.C.Cir.1996). To the extent appellant suggests the district court was biased against him, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), and no bias is evident from the record.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.