**PUBLISH**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

STANLEY M. POHL;
ZINAIDA Q. POHL,

     Plaintiffs - Appellants,

v.

U.S. BANK, as trustee for Merrill Lynch
First Franklin Mortgage Loan Trust Back
Certificates Series 2007-4; DEBRA
JOHNSON, Public Trustee of Denver
County; and all unknown persons who
claim any interest in the subject matter of
this action,

     Defendants - Appellees.

No. 16-1144

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:14-CV-02292-PAB-MJW)**
_____

Submitted on the briefs:[*]

Sean Connelly, Zonies Law LLC, Denver, Colorado; Joseph J. Novak, Moritz Law, LLC,
Denver, Colorado, for Plaintiffs-Appellants.

Justin D. Balser and Taylor T. Haywood, Akerman LLP, Denver, Colorado, for
Defendants-Appellees.

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.
_____

**McKAY**, Circuit Judge.
_____

This appeal requires us to determine whether the district court erred in holding that plaintiffs Stanley M. Pohl and Zinaida Q. Pohl are precluded from asserting a claim to rescind the foreclosure sale of their home, based on their lender's alleged violations of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1666j. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's grant of summary judgment to the defendants and denial of summary judgment to the Pohls.

## LEGAL BACKGROUND

A brief discussion of the rescission process established by TILA is helpful to understanding the parties' arguments in this appeal. TILA grants borrowers rights to rescind certain consumer credit transactions involving a security interest in the borrower's primary residence. 15 U.S.C. § 1635(a). TILA creates two rescission periods, one unconditional and one conditional.

Borrowers have an *unconditional* right to rescind that lasts until "midnight of the third business day following the consummation of the transaction." *Id.* But when a creditor fails to deliver the material disclosures and information and rescission forms required by TILA, a borrower retains the right to rescind until the creditor delivers those required documents. *Id.* This extended right to rescind is *conditional*, because it comes into existence only if the creditor has not delivered the required

2

documents. And even if the creditor never delivers the required documents, the conditional right to rescind lasts no longer than three years after the consummation of the transaction. *Id.* § 1635(f).

TILA provides that a borrower exercises the right to rescind "by notifying the creditor . . . of his intention to do so." *Id.* § 1635(a). In *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791 (2015), the Supreme Court considered "whether a borrower exercises this right [to rescind] by providing written notice to his lender, or whether he must also file a lawsuit before the 3-year period elapses." The Court held that the language of § 1635(a) "leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. It follows that, so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years." *Id.* at 792.

TILA further provides that when a borrower exercises the right to rescind, "he is not liable for any finance or other charge, and any security interest given . . . , including any such interest arising by operation of law, becomes void upon such a rescission." 15 U.S.C. § 1635(b). "When a consumer rescinds under TILA, the creditor must—within 20 calendar days after receipt of a valid notice of rescission— return any money or property that has been given to anyone, including any finance charges collected from the consumer." *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1142 (10th Cir. 2012) (internal quotation marks omitted). Further, the creditor "must . . . take any action necessary to reflect the termination of its

3

security interest." *Id.* (brackets and internal quotation marks omitted). "After the creditor satisfies these rescission obligations, the consumer must tender to the creditor the loan proceeds or their reasonable value." *Id.* (internal quotation marks omitted). These procedures "shall apply except when otherwise ordered by a court." 15 U.S.C. § 1635(b).

When a borrower rescinds during the unconditional three-day rescission period, "this process is clear and functions well." *Sanders*, 689 F.3d at 1142. But "[t]he process does not work well after the initial three-day period when the creditor has disbursed funds and perfected its lien, and the consumer's right to rescind may have expired." *Id.* (ellipses and internal quotation marks omitted). Because "[m]ost creditors are reluctant to release a lien under these conditions, particularly if the consumer is in default or in bankruptcy and would have difficulty tendering," when a borrower tenders a notice of rescission after the unconditional three-day period, "the rescission process is unclear and courts are frequently called upon to resolve rescission claims." *Id.* (internal quotation marks omitted).

## FACTUAL BACKGROUND

In May 2007 the Pohls refinanced the loan on their Denver home, securing the loan with a deed of trust. In 2008 they ran into financial difficulties, however, and in 2009 they went into default on the loan. In March 2010, believing that their lender had failed to make TILA-required disclosures, the Pohls delivered a notice of intent to rescind the loan. The lender responded that it afforded their notice no significance, and that it would "exercise all appropriate remedies under the

4

promissory note and security instrument in the event of the Borrower's default." Aplt. App., Vol. 2 at 194. The lender took no other immediate action.

In June 2011 the deed of trust was assigned to U.S. Bank, as trustee for a certain mortgage loan trust, and in July 2011 U.S. Bank commenced foreclosure proceedings. The Pohls promptly filed for Chapter 7 bankruptcy. In November 2011 the bankruptcy court granted U.S. Bank's motion to lift the automatic stay as to the property so it could continue the foreclosure proceedings. It also granted the Pohls a discharge.

In August 2012 the Pohls and a third party filed in Colorado state court a "Complaint to Quiet Title Under C.R.C.P. §105, and Complaint for Reconveyance of Deed of Trust under C.R.S. § 38-39-102 *et seq.*" Aplt. App., Vol. 3 at 353. They alleged that they had tendered a valid instrument in payment of the note, which U.S. Bank had rejected. U.S. Bank moved for dismissal of that action for failure to state a claim upon which relief could be granted. The state district court granted the motion and dismissed the action.

The Pohls' bankruptcy case was closed in December 2012. The property was sold in a foreclosure sale in January 2013, with U.S. Bank the highest bidder.

The Pohls commenced this action with a pro se complaint in August 2014. After obtaining counsel, they filed an amended complaint with eight claims. As relevant to this appeal, the first claim sought to rescind the 2013 foreclosure in light of the 2010 notice of intent to rescind the loan transaction. The parties both moved for summary judgment. The district court denied the Pohls' motion and granted

5

U.S. Bank's motion. With regard to the first claim, it relied on claim preclusion (res judicata), concluding that the Pohls could have raised in their 2012 Colorado state action their contention that the deed of trust was void due to the 2010 notice of rescission. The Pohls now appeal the judgment on that first claim for relief.

## DISCUSSION

We review de novo a district court's application of claim preclusion. *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). Federal courts must give to state court judgments "the same full faith and credit . . . as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738. "We must, therefore, ascertain what preclusive effect [the state] would give its own decision before we may know what effect it should be given in the federal court." *Stifel, Nicolaus & Co. v. Woolsey & Co.*, 81 F.3d 1540, 1544 (10th Cir. 1996).

In Colorado, "[c]laim preclusion works to preclude the relitigation of matters that have already been decided *as well as matters that could have been raised in a prior proceeding but were not*." *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005) (emphasis added). "For a claim in a second judicial proceeding to be precluded by a previous judgment, there must exist: (1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." *Id.*

The Pohls first argue that claim preclusion is inapplicable because their current claim challenges the 2013 foreclosure sale, which had not occurred at the time they

6

filed the 2012 Colorado state litigation. But U.S. Bank had commenced foreclosure proceedings in 2011, well before the 2012 state litigation. And the facts underlying the Pohls' challenge to the foreclosure sale—that they had sent their notice of rescission within three years of the consummation of their loan and that the lender refused to accept it—certainly were known to them at the time of the 2012 state litigation. Therefore, the Pohls could have used the state litigation to challenge the lender's failure to follow the TILA rescission process.[1]

The Pohls also assert that the "2010 rescission was not itself (and did not need to be) a legal claim." Aplt. Br. at 13. They contend that "[t]he court was able to convert this issue into a claim only by holding, contrary to *Jesinoski*, that the 2010 notice did not itself effect rescission." *Id.* at 15. We disagree.

*Jesinoski* concerned whether a borrower effects rescission simply by giving notice within the three-year conditional rescission period, or whether the borrower must both give notice and file suit within that period. 135 S. Ct. at 791. *Jesinoski* does not preclude a lender from taking the position that a tendered notice of

---

[1] In their reply brief, the Pohls make additional arguments why it would not have been proper for them to bring a rescission claim in the 2012 state litigation, including that their bankruptcy proceeding was ongoing. These arguments, however, are waived. First, "[t]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (internal quotation marks omitted). Second, it is not apparent that the Pohls ever raised these arguments in the district court, and they fail to seek plain-error review in this court. "[E]ven if [the appellants'] arguments were merely forfeited before the *district court*, [their] failure to explain in [their] opening appellate brief . . . how they survive the plain error standard waives the arguments in *this* court." *McKissick v. Yuen*, 618 F.3d 1177, 1189 (10th Cir. 2010).

rescission is invalid.[2] *See, e.g., Beukes v. GMAC Mortg., LLC,* 786 F.3d 649, 653 (8th Cir.) (affirming judgment for lender where disclosure was legally accurate, so right to rescind expired after three business days), *cert. denied*, 136 S. Ct. 513 (2015). Nor are we persuaded by the Pohls' suggestion that under *Jesinoski*, a notice of rescission tendered during the conditional rescission period becomes incontestable if a lender fails to bring a lawsuit to invalidate it.

As for the Pohls' assertion that the 2010 rescission was not itself a "claim" to be asserted, a "claim" is defined as "[t]he assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional"; "[a] demand for money, property, or a legal remedy to which one asserts a right"; or "[a]n interest or remedy recognized at law; the means by which a person can obtain privilege, possession, or enjoyment of a right or thing." *Claim*, *Black's Law Dictionary* (10th ed. 2014). Applying these definitions, it is apparent that once the lender rejected the Pohls' notice, they had a "claim" for rescission and a "claim" for TILA violations.

The Pohls further argue that claims must be "identical" for claim preclusion to apply, and state that the inquiry whether claims are "identical" is "bounded by the injury for which relief is demanded." Aplt. Br. at 16 (internal quotation marks

_____

[2] Notably, *Jesinoski* remanded for further proceedings, 135 S. Ct. at 793, and on remand, the district court granted summary judgment to the lender because the Jesinoskis failed to overcome the rebuttable presumption of proper delivery of TILA notices, *Jesinoski v. Countrywide Home Loans, Inc.*, 196 F. Supp. 3d 956, 961 (D. Minn. 2016). That decision currently is on appeal. *Jesinoski v. Countrywide Home Loans, Inc.*, No. 16-3385 (8th Cir. appeal docketed Aug. 17, 2016).

omitted). They posit the injuries in the litigations differ: "The injury alleged here is foreclosure on a deed the homeowners voided under TILA. The injury alleged there—having nothing to do with TILA or rescission—was [the lender] rejecting purported payment of the note." *Id.*

The identity of claims "element requires us to determine whether the claim at issue in the second proceeding is the same claim that was (or could have been) brought in the first proceeding. We disregard the form of the action and instead look at the actual injury underlying the first proceeding." *Foster v. Plock*, __ P.3d __, No. 16SC366, 2017 WL 2106254, at *7 (Colo. May 15, 2017). "Claims are tied by the same injury where they concern all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* (brackets and internal quotation marks omitted). "In determining whether claims concern the same transaction, the court must consider whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Id.* (internal quotation marks omitted). "Claims arise out of the same transaction when they seek redress for essentially the same basic wrong, and rest on the same or a substantially similar factual basis." *Id.* (internal quotation marks omitted).

Both the 2012 Colorado state action and the current action challenged the same mortgage loan on the same property. The underlying facts are related in origin and motivation and would form a convenient trial unit. Further, in the 2012 Colorado action, the Pohls sought to quiet title to the property and to have the deed of trust

9

reconveyed to them. "Given the finality of a quiet title action and the grant of 'full relief' afforded by the court in such an action, it is incumbent upon all parties to raise any claims, issues or defenses that may affect the court's adjudication of rights in the subject property as all rights are to be determined in a single action." *Argus Real Estate*, 109 P.3d at 609. Accordingly, the district court did not err in concluding that the identity of claims element is satisfied.

## CONCLUSION

The judgment of the district court is affirmed.