**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HAWG TOOLS, LLC, a Colorado limited
liability company,

     Plaintiff - Appellant,

v.

NEWSCO INTERNATIONAL ENERGY
SERVICES, INC.; NEWSCO
INTERNATIONAL ENERGY SERVICES
USA, INC., a/k/a Newsco USA, Inc.;
NEWSCO DIRECTIONAL &
HORIZONTAL SERVICES, INC.; JOE
FICKEN, an individual,

     Defendants - Appellees.

No. 18-1015
(D.C. No. 1:14-CV-03011-REB-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

This appeal concerns whether the second of two lawsuits should proceed.

Both suits concerned a design for part of a tool used in oil and gas drilling.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

First, in 2013, Hawg Tools ("Hawg") sued Newsco[1] and Joe Ficken in Colorado state court and won a jury verdict on its claims for misappropriation of a trade secret, conversion, and breach of contract.

Second, in 2014, while the appeal in the first suit was pending before the Colorado Court of Appeals ("CCA"), Hawg sued the same Defendants, again in state court. This time Defendants removed the case to federal court and moved for a stay pending the CCA appeal, which was granted.

After the appeal in the first case ended, Hawg moved to reopen the second case and amend its complaint. The district court refused, holding it would be futile to proceed because the doctrine of claim preclusion barred Hawg's claims in the second case.

Hawg appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

Joe Ficken designed a sealed bearing pack for mud motors used in oil and gas drilling. His design was assigned to Hawg, which leases mud motors to oil and gas drilling firms. Mr. Ficken accepted a job at Newsco, which uses mud motors to provide drilling services.

In March 2013, Hawg sued Newsco and Mr. Ficken in Colorado state court, alleging trade secret misappropriation, civil theft, conversion, unjust enrichment, civil conspiracy, and breach of contract. Hawg prevailed in a jury trial on its

---

[1] In both lawsuits described above, Hawg sued Joe Ficken and Newsco International Energy Services, Inc., Newsco International Energy Services USA, Inc., and Newsco Directional & Horizontal Services, Inc. We refer to the three Newsco defendants as "Newsco." We use "Defendants" to mean all of the defendants.

misappropriation, conversion, and breach of contract claims. The trial court refused Hawg's request to enjoin Newsco's use of the design, explaining that the jury verdict forms had been insufficiently specific.[2] Newsco and Mr. Ficken appealed to the CCA.

In September 2014, while the appeal was still pending, Hawg again sued Newsco and Mr. Ficken in Colorado state court, alleging continued misappropriation of trade secrets, civil theft, and unjust enrichment against Newsco and Mr. Ficken and breach of contract against Mr. Ficken. It requested a declaratory judgment and enforcement of the previous court rulings and verdict, asserting that the Defendants were "continu[ing] to use the Sealed Bearing Pack Design at issue in the Previous Litigation in their mud motors." Aplt. App., Vol. I at 22-25.

Newsco and Mr. Ficken removed the case to federal district court based on diversity jurisdiction, moved for a stay pending resolution of the appeal in the first case, and moved to dismiss. While these motions were pending, Hawg amended its complaint, retaining the same claims and emphasizing that it was "seeking ongoing and future damages for the Defendants' use of [its] Sealed Bearing Pack Design." *Id.* at 273.

In March 2015, the federal district court granted the Defendants' stay motion and administratively closed the case, "subject to reopening for good cause," upon

---

[2] The jury's breach of contract verdict was solely against Ficken. Despite the jury's verdict against Newsco and Ficken for trade secret misappropriation, the trial court declined to permanently enjoin Newsco and Ficken from using the bearing pack design because "the 'trade secret' part of [Hawg's] design ha[d] [not] been adequately identified by the [jury]." Aplt. App., Vol. III at 616.

conclusion of the Colorado appeal in the first case. *Id.*, Vol. II at 451. The court denied the motion to dismiss without prejudice as moot.

On December 1, 2016, the CCA decided *Hawg Tools, LLC v. Newsco Int'l Energy Servs., Inc.*, 411 P.3d 1126 (Colo. App. 2016). It affirmed the judgment against Newsco and Mr. Ficken for conversion, and against Mr. Ficken for breach of contract. But the CCA reversed as to trade secret misappropriation, concluding that Hawg "did not prove that the design of the sealed bearing pack in question was a secret." *Id.* at 1130. The evidence did not show that the design "was different from publicly available designs that existed before the designer had designed it." *Id.* at 1133. The CCA held that the trial court therefore erred in denying "defendants' motions for a directed verdict and for judgment notwithstanding the verdict on Hawg's claim for misappropriation of a trade secret," and stated that "the court should have granted those motions." *Id.* at 1135. The Colorado Supreme Court denied a writ of certiorari. *Hawg Tools, LLC v. Newsco Int'l Energy Servs., Inc.*, No. 17SC90, 2017 WL 2772254 (Colo. June 26, 2017).

Upon completion of the appeal in the first case, Hawg moved in the federal district court to lift the stay and reopen the case, describing the federal case as "a continuation of [the] Colorado state court case." Aplt. App., Vol. II at 454. Hawg argued the only issues left to be decided were "damages for the continued conversion and breach of contract . . . that the jury found." *Id.* at 456.

Hawg also moved for leave to file a second amended complaint, which deleted previous claims for trade secret misappropriation and civil theft. It retained claims for conversion and unjust enrichment (against Newsco and Mr. Ficken) and a claim for

4

breach of contract (against Mr. Ficken). It also continued to request a declaratory judgment and enforcement of prior state court rulings and the jury verdict. *Id.* at 460-490. Hawg said the amendment was necessary to "conform to" the "final outcome of the Previous Litigation," the CCA's opinion, and a magistrate judge's report and recommendation on Defendants' motion to dismiss. *Id.* at 463. Hawg reiterated that it was "seeking continuing damages . . . in connection with the issues litigated in the Previous Litigation." *Id.* at 461.

The district court denied Hawg's motion to lift the stay and reopen the case, relying on the doctrine of claim preclusion. It said that Hawg alleged or could have alleged its claims for conversion, unjust enrichment, and breach of contract in the previous state court case. The court concluded "it would be futile to reopen this case to allow [Hawg] to pursue the claims sought to be asserted in its proposed [second] amended complaint." *Id.*, Vol. III at 634. It denied the motion to amend the complaint as moot. *Id.* Hawg appeals.

## II. DISCUSSION

Hawg frames three issues for review. It argues:

(1) The district court erred when it denied the motion to reopen and effectively dismissed the case.

(2) The district court erred when it denied Hawg leave to amend the complaint.

(3) The CCA's reversal of the jury's verdict finding misappropriation of trade secrets was so "manifestly unjust" that claim preclusion should not bar Hawg from seeking continuing damages for the use of the sealed bearing pack design.

5

The first two issues turn on (1) whether the district court correctly decided that proceeding with the case would be futile, and (2) whether it could properly deny the motion to reopen on the ground of futility. Hawg has waived the third issue. The following provides background on the district court's rule for reopening a case, the Colorado law of claim preclusion, and the standards of review associated with each. We then turn to our merits analysis.

## A. *Legal Background and Standards of Review*

### 1. **Motion to Reopen**

In the District of Colorado, a case that is administratively closed may be "reopen[ed] for good cause," D. Colo. Civ. R. 41.2, such as when "the parties wish to litigate the remaining issues that have become ripe for review," *Am. Family Mut. Ins. Co. v. Teamcorp, Inc.*, 835 F. Supp. 2d 1083, 1086 (D. Colo. 2011). The district court may deny a motion to reopen when the relief sought would be futile. *See id.*; *see also A123 Sys. v. Hydro-Quebec*, 626 F.3d 1213, 1216 (Fed. Cir. 2010); *Redmond v. Fifth Third Bank*, 624 F.3d 793, 803 (7th Cir. 2010).[3]

We typically review a district court's decision to reopen an administratively closed

---

[3] This rule resembles the well accepted proposition that "[a] district court may deny leave to amend [a complaint] upon a showing of . . . futility of amendment." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quotations omitted); *see United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009). Even closer is the rule that when "amendment of the complaint would have been futile," a district court "d[oes] not abuse its discretion in denying appellant's motion to reopen his case for the purpose of amending the complaint." *Cunningham v. Tower Ins. Co.*, 627 F. App'x 3, 4 (D.C. Cir. 2015) (unpublished); *see Alliance of Auto. Mfrs., Inc. v. Currey*, 610 F. App'x 10, 14 (2d Cir. 2015) (unpublished) (same); *Johnson v. Peralta*, 599 F. App'x 430, 432 (3d Cir. 2015) (unpublished) (same).

case for abuse of discretion. *See United States v. Texas*, 457 F.3d 472, 476 (5th Cir. 2006); *see generally Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) (stating that "it is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants" (brackets and internal quotations omitted)).

Because Hawg challenges the district court's refusal to reopen the case on the grounds of claim preclusion and futility, we must review those underlying issues de novo. *See Pohl v. U.S. Bank*, 859 F.3d 1226, 1229 (10th Cir. 2017) ("We review de novo a district court's application of claim preclusion."); *Jones v. Norton*, 809 F.3d 564, 579 (10th Cir. 2015) (observing, in the context of amending a pleading, that "we review de novo the legal basis for the finding of futility").

2. **Claim Preclusion**

Claim preclusion, or res judicata, generally prohibits the splitting of actions and "'force[s] a *plaintiff* to explore all the facts, develop all the theories, and demand all the remedies in the first suit.'" *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1279 (10th Cir. 2006) (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4408 (2d ed. 2002)). "The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, 28 U.S.C. § 1738, which directs a federal court to refer to the preclusion law of the State in which judgment was rendered." *Brady v. UBS Fin. Servs., Inc.,* 538 F.3d 1319, 1327 (10th Cir. 2008) (quotations omitted); *see Stifel, Nicolaus & Co. v. Woolsey & Co.*, 81 F.3d 1540, 1544 (10th Cir. 1996).

7

In Colorado, "[c]laim preclusion works to preclude the relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not." *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005). "For a claim in a second judicial proceeding to be precluded by a previous judgment, there must exist: (1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." *Id.*

Only the third preclusion element is at issue here. To assess whether claims share the same identity, Colorado courts look to "'the transaction, or series of connected transactions, out of which the action arose,'" *id.* at 609 (quoting Restatement (Second) of Judgments § 24 (1982)), and focus on "the injury for which relief is demanded." *Id.* (quotations omitted).

## B. *Analysis*

The following first addresses whether the claims that Hawg wished to pursue in the second case were futile. We conclude that they were futile because they were subject to the doctrine of claim preclusion. Next we address whether the court erred when it denied the motion to reopen on the ground of futility. We conclude it did not err. We therefore affirm.

### 1. **Futility**

The district court determined that reopening the case would be futile because claim preclusion barred the claims that Hawg wished to pursue. We examine each claim to decide whether this was so.

8

a. *Conversion*

Hawg argues the conversion claim in this case differs from the state court conversion claim because it seeks relief for the "continued ill effects from [the] initial violation." Aplt. Br. at 18. The first conversion claim, it contends, "related to revenues and profits earned by Newsco using the design prior to trial," whereas the claim here concerns financial harm suffered after trial. *Id.* at 21. The district court disagreed with this argument, rejecting Hawg's continuing violation theory because Colorado "law is plainly to the contrary." Aplt. App., Vol. III at 631. It held that claim preclusion barred the claim. We agree with the district court.

Under Colorado law, "conversion . . . is not a continuing tort." *Emp'rs' Fire Ins. Co. v. W. Guar. Fund Servs.*, 924 P.2d 1107, 1111 (Colo. App. 1996). It is complete "at the time and place of the misappropriation." *Masterson v. McCroskie*, 573 P.2d 547, 551 (Colo. 1978); *see also Gates Factory Store v. Coleman*, 350 P.2d 559, 560 (Colo. 1960) ("It is well settled that the value of the property taken, plus an additional amount equal to the legal rate of interest upon such value from the time of conversion to the time of the trial, is the proper measure of damages in . . . conversion actions.").

Hawg wishes to renew its conversion claim based on post-judgment "continued wrongful use of the design." Aplt. Br. at 21. But doing so would split a claim into separate actions, which claim preclusion prohibits. As the Colorado Supreme Court said in *Argus Real Estate*,

> [C]laim preclusion . . . bars a litigant from splitting claims

9

into separate actions because once judgment is entered in an action it extinguishes the plaintiff's claim[,] including all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

109 P.3d at 609 (brackets, ellipsis, and quotations omitted).

The Restatement (Second) of Judgments § 18 cmt. b states that if a plaintiff "brought an action against [a] defendant for negligently causing him personal injury, and after a trial the jury awarded him a certain sum and judgment was given for that sum," claim preclusion would bar a subsequent action "to prove that the injury was more serious than had appeared at the trial." And § 25 cmt. c states that "even when the injury caused by an actionable wrong extends into the future and will be felt beyond the date of judgment, the damages awarded by the judgment are nevertheless supposed to embody the money equivalent of the entire injury."

Hawg asserts these principles do not apply to its conversion claim because it is based on a "mechanical design" rather than a tangible, "physical thing, like a car or chainsaw." Aplt. Br. at 18, 20. But Hawg identifies no Colorado case to support this distinction. To the contrary, the Colorado Supreme Court has recognized the temporal limits of conversion in a case involving an architectural design, which is also not a tangible physical thing. *See Masterson*, 573 P.2d at 551.

We agree with the district court's ruling that claim preclusion made further consideration of Hawg's conversion claim futile.[4]

_____

[4] To the extent Hawg contests claim preclusion on the ground that "the Defendants refused to produce actual revenue or profit information relating to the use of

10

b. *Unjust enrichment*

The district court said Hawg wished to reopen "to seek ongoing and future damages for [the] conversion claim against all defendants (or in the alternative, for unjust enrichment)." Aplt. App., Vol. III at 630.[5]  It held that Hawg could not "pursue a claim for unjust enrichment as an alternative to conversion." *Id.* at 632.  The court again relied

---

the sealed bearing pack and it was impossible for Hawg to argue at trial for future damages," Aplt. Br. at 23, it could have appealed any failure by the trial court to order production to the CCA.  *See* Restatement (Second) of Judgments § 18 cmt. b ("The fact that the judgment was based on error does not pre[vent] the defendant from setting the judgment up as a defense to an action on the original claim.  If it was erroneous, the plaintiff might have taken steps to have it set aside or reversed in the original proceeding.").

To the extent Hawg invokes the exception to claim preclusion when a trial court has expressly reserved the plaintiff's right to maintain the second action, *see id.* § 26 cmt. b, that exception requires "[a] determination by the court that its judgment is 'without prejudice' (or words to that effect) to a second action on the omitted part of the claim, expressed in the judgment itself, or in the findings of fact, conclusions of law, opinion, or similar record," *id.*  Hawg cites only the trial court's order denying an injunction on its trade secret misappropriation claim, which found no irreparable harm because of "the possibility that [Hawg] could seek further damages in the future if misappropriation continues." Aplt. App., Vol. I at 145-46.  But nothing in the trial court's judgment expressly reserved Hawg's right to pursue a second action on any claim, let alone conversion.

[5] In its response to the Defendants' motion to dismiss in district court, Hawg said its "unjust enrichment claim is an alternative claim to the misappropriation of trade secrets claim and the civil theft claim." Aplt. App., Vol. I at 214.  This is consistent with the Restatement (Third) of Restitution and Unjust Enrichment §§ 40 and 42 (2011), which recognizes unjust enrichment is an equitable theory of relief that may be awarded based on conversion or interference with a trade secret. *See Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1205-07 (Colo. App. 2009).  When it moved for leave to file a second amended complaint, Hawg deleted its previous misappropriation and civil theft claims from the proposed complaint, leaving conversion, unjust enrichment, and breach of contract. Aplt. App., Vol. II at 460-65.  Hawg does not contest on appeal the district court's understanding that conversion and unjust enrichment were alternative claims.

on claim preclusion, explaining that "[i]f plaintiff believed there was a danger defendants would continue to use its designs past the date of the jury's verdict, there is simply no reason why it could not have sought future damages under a primary or alternative theory of unjust enrichment in the original suit." *Id.* (citing *Wilkes v. Wyo. Dep't of Emp't*, 314 F.3d 501, 504-05 (10th Cir. 2002) (stating "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised in the prior action*"); Restatement (Second) of Judgments § 25 cmt. c).

Hawg's opening brief challenges the district court's claim preclusion conclusion about "both the conversion claim and the unjust enrichment claim," Aplt. Br. at 22, without distinguishing the two claims, stating anything specific about unjust enrichment, or questioning the court's treatment of them as alternative claims. It offers nothing about unjust enrichment in addition to its arguments about conversion, and we have addressed those arguments.

For substantially the same reasons stated by the district court, we agree that claim preclusion bars Hawg's unjust enrichment claim. *See Satsky v. Paramount Commc'ns, Inc.,* 7 F.3d 1464, 1467 (10th Cir. 1993) ("Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been* raised in the prior action.") (emphasis added) (quotations omitted)).

c. *Breach of contract*

In the proposed second amended complaint, Hawg alleged that Mr. Ficken's "continued use of the Designs in connection with his employment at Newsco constitutes

12

a continuing breach." Aplt. App., Vol. II at 485. Hawg further alleged that "[t]he amount of damages for this continued breach of contract is yet to be determined." *Id.*

The district court said claim preclusion was "fatal to plaintiff's breach of contract claim against Mr. Ficken." Aplt. App., Vol. III at 632-33. It addressed two different parts of the contract: confidentiality and use. As "to the confidentiality piece of that agreement, it simply defies logic to suggest the breach thereof is ongoing" because once Mr. Ficken disclosed the design to Newsco, the breach "was complete." *Id.* at 633. As for Mr. Ficken's agreement not to use the design, "plaintiff fail[ed] to address why a claim for future damages related to this alleged breach of contract could not have been brought in its prior lawsuit." *Id.*

Under Colorado law, "a contract is considered to denote a single transaction for the purpose of claim preclusion, and therefore claims for different breaches of a contract ordinarily must be brought in the same action." *Loveland Essential Grp., LLC v. Grommon Farms, Inc.*, 318 P.3d 6, 10 (Colo. App. 2012). But "[a] later claim merely arising from the same contract as an earlier claim is not necessarily barred . . . if the claim arose after the original judgment, and therefore could not have been litigated in the original action." *Id.* at 10-11.

Hawg's claim alleged the same breach that was litigated to conclusion in the prior litigation. It seeks to divide the damages calculation between two actions, alleging that the breach was established but only partially remedied in the first case. But claim preclusion bars splitting such claims into separate actions. *See Layton v. Constr. Co. v. Shaw Contract Flooring Servs., Inc.*, 409 P.3d 602, 607 (Colo. App. 2016) ("A single

13

claim embraces all remedial rights of a plaintiff against a defendant growing out of the relevant transaction or series of connected transactions." (brackets and quotations omitted)); Restatement (Second) of Judgments § 25 cmt. c (stating that damages awarded by the judgment are meant to compensate for the entire injury, "even when the injury . . . extends into the future and will be felt beyond the date of judgment").

Even if Hawg could allege a new and discrete breach of contract claim against Mr. Ficken that could not have been litigated in the first case, it did not do so in any of its complaints in this case. In its brief, Hawg persists with its "continual breach" theory. *See* Aplt. Br. at 25-27. For the foregoing reasons, that theory will not overcome claim preclusion.

\* \* \* \*

The district court properly determined that claim preclusion barred Hawg's claims for conversion, unjust enrichment, and breach of contract. It follows that the court also correctly decided that proceeding with those claims would be futile.[6]

2. **Denial of Motion to Reopen**

The district court denied Hawg's motion to reopen because it lacked "good cause" under D. Colo. Civ. R. 41.2 to do so considering the futility of Hawg's claims. Futility

---

[6] Hawg argues that the CCA's decision reversing the judgment in its favor on its trade secret misappropriation claim was a "manifest injustice" and that equity should permit it to continue to seek damages in this case. Aplt. Br. at 27-31. Hawg did not present this argument to the district court and did not argue plain error on appeal, so it has waived this issue. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) (stating that the failure to raise an issue below waives that issue in the absence of an appellate argument for plain error).

14

was a valid basis to deny the motion. *See Teamcorp, Inc.*, 835 F. Supp. 2d at 1086; *see also A123 Sys.*, 626 F.3d at 1216; *Redmond*, 624 F.3d at 803.

Hawg argues the district court should not have considered futility without a motion to dismiss. This argument fails to recognize the court's discretion to manage its own docket, which includes determining whether a movant has shown "good cause" to reopen a closed case. The question is whether the court abused its discretion. If it did, we would remand, the Defendants could file a renewed motion to dismiss, and the court would revisit the claim preclusion issues.

But the district court did not abuse its discretion given that (1) a motion to dismiss had been fully briefed, albeit later denied as moot in light of the administrative closure; (2) the motion to reopen was fully briefed, including the claim preclusion issues; (3) a motion to amend the complaint was fully briefed and pending; (4) the plaintiff sought leave to amend, in part, to conform to a report and recommendation issued on the motion to dismiss; and (5) the plaintiff's claims, as discussed above, were clearly precluded.

## III. CONCLUSION

We affirm the district court's denial of the motion to reopen.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

15