# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2146

_____

Dirk Beukes; Gesina Beukes, individuals,

*Plaintiffs - Appellants*,

v.

GMAC Mortgage, LLC, as Successor in Interest to
Homecomings Financial, LLC; Mortgage Electronic
Registration Systems, Inc., a Delaware Corporation;
Federal National Mortgage Association; John & Jane
Does, 1-10,

*Defendants - Appellees*.

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 11, 2014
Filed: June 17, 2015

_____

Before COLLOTON, SHEPHERD, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Dirk and Gesina Beukes sued GMAC Mortgage, LLC, Mortgage Electronic
Registration Systems, Inc. ("MERS"), Federal National Mortgage Association, and

a number of unnamed defendants. The Beukeses sought to rescind a mortgage loan transaction pursuant to rights granted by the Truth in Lending Act, 15 U.S.C. § 1635(a). They also sought damages under 15 U.S.C. § 1640 for alleged violations of the Act.

The district court[1] granted summary judgment for the defendants and dismissed the action. We held the Beukeses' appeal pending the Supreme Court's decision in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015), which addressed one of two alternative grounds cited by the district court. Although *Jesinoski* undermines the district court's first reason for granting summary judgment, we conclude that the second ground justified the dismissal, and we therefore affirm.

I.

The Truth in Lending Act provides that when a borrower in a mortgage loan transaction grants a security interest in her principal dwelling, the borrower has a right to rescind the transaction until the third business day after the transaction is consummated or the lender delivers information and disclosures required by the Act, whichever is later. 15 U.S.C. § 1635(a). Even if the lender never makes the required disclosures, however, the borrower's right to rescind expires three years after the date of consummation of the transaction. *Id*. § 1635(f).

The Beukeses entered into a mortgage loan transaction on September 28, 2007, to refinance a loan of $247,000 secured by their residence. The lender, Homecomings Financial, LLC, disclosed a finance charge, as required by 15 U.S.C. § 1638(a)(3), on that date. The Beukeses contend that the disclosure was inaccurate, such that they never received the disclosures required by the Act.

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

On January 21, 2010, the Beukeses mailed a notice of rescission to Homecomings Financial and to its successor-in-interest, GMAC Mortgage, LLC. GMAC refused to rescind the loan. After the Beukeses failed to make payments on the loan, MERS (as nominee for the lender) published on March 18, 2010, the first of six notices of a mortgage foreclosure sale of the Beukeses' property. MERS ultimately purchased the Beukeses' property at a foreclosure sale in May 2010.

The Beukeses initiated this action in November 2010, and followed with an amended complaint in June 2011. They alleged that the amount disclosed to them as the finance charge on the loan understated the amount they were actually charged by $944.31. The Beukeses sought an order rescinding the mortgage loan transaction based on their notice of January 2010 and damages for failure to comply with the Act.

The district court granted summary judgment in favor of the defendants, and we review the decision *de novo*. Summary judgment is appropriate if there is no genuine issue of material fact for trial and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## II.

The district court's first reason for dismissing the action was that the Beukeses' asserted right to rescind had expired under 15 U.S.C. § 1635(f) before they filed their action in November 2010. According to § 1635(f), any right to rescind the mortgage transaction because of a failure to disclose the finance charge "expire[d] three years after the date of consummation of the transaction." *Jesinoski* makes clear, however, that a borrower exercises his right of rescission by notifying the creditor of his intention to rescind, whether or not the borrower has filed an action in court. 135 S. Ct. at 792. The Beukeses mailed a notice of rescission to GMAC and Homecomings in January 2010, within three years after they consummated their mortgage loan in September 2007. Thus, if the lender failed to make the required disclosures, the

Beukeses' right of rescission had not expired. The action should not have been dismissed on the ground that the Beukeses failed to file a lawsuit within three years of the transaction.

The district court ruled alternatively that for purposes of the Beukeses' attempt to exercise a right of rescission in January 2010, the lender accurately had disclosed the finance charge when the transaction was consummated. If the disclosure was accurate, then the Beukeses' right to rescind expired three business days after delivery of the disclosures, *see* 15 U.S.C. § 1635(a), and they had no right to rescind when they sent their notice in January 2010.

The disputed issue is how to measure whether the finance charge disclosed by the lender in 2007 was "accurate." The Act tolerates some variation between the amount disclosed as the finance charge and the actual finance charge. According to 15 U.S.C. § 1605(f)(2)(A), a disclosure of the finance charge generally must be treated as accurate in a refinancing transaction like this one if "the amount disclosed as the finance charge does not vary from the actual finance charge by more than an amount equal to one-half of one percent of the total amount of credit extended." In this case, that amount is $1235.

But a different rule with a narrower tolerance for variation applies "for the purposes of exercising any rescission rights after the initiation of any judicial or nonjudicial foreclosure process" on the principal dwelling of the borrower. 15 U.S.C. § 1635(i)(2). In that situation, a disclosure of the finance charge must be treated as accurate "if the amount disclosed as the finance charge does not vary from the actual finance charge by more than $35 or is greater than the amount required to be disclosed." *Id.* The Beukeses contend that the lender's disclosure understated the finance charge by $944.31, so it was "accurate" if § 1605(f)(2) applies, but inaccurate if § 1635(i)(2) governs.

Section 1635(i)(2) applies only "for the purposes of exercising any rescission rights *after* the initiation of any judicial or nonjudicial foreclosure process." (emphasis added). MERS initiated nonjudicial foreclosure proceedings under Minnesota law on March 18, 2010, by publishing the first of six notices that the Beukeses' property would be foreclosed by sale. *See* Minn. Stat. Ann. § 580.03; *Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53, 58 (Minn. 2013). The Beukeses purported to exercise their right of rescission by mailing their notice to the lender on January 21, 2010, *before* the initiation of foreclosure proceedings.

Because the Beukeses' notice did not attempt to exercise any rescission rights "after the initiation" of a foreclosure process, the tolerance range of § 1635(i)(2) did not apply, and the general rule of § 1605(f)(2) governed instead. The finance charge disclosed by the lender in 2007 did not vary from the actual finance charge by more than one-half of one percent of the total amount financed (*i.e.*, $1235), so it must be treated as accurate. Accordingly, the Beukeses' right to rescind expired three business days after delivery of the disclosures in September 2007, *see* 15 U.S.C. § 1635(a), and their attempted exercise of a right to rescind in January 2010 was properly rejected by the lender. The Beukeses did not timely attempt to exercise any expanded right to rescind arising from § 1635(i)(2) that might have been available after the initiation of foreclosure proceedings in March 2010. Insofar as the Beukeses rely on the filing of their amended complaint in this case as a purported exercise of the right to rescind, *see* R. Doc. 10, at ¶ 50 (June 13, 2011), their action was too late, because the right of rescission had expired in September 2010, three years after the consummation of the transaction. 15 U.S.C. § 1635(f).

The judgment of the district court is affirmed.

_____