# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 15-3985

———————————————

John D. Dunn; Christina Dunn, formerly known as Christina L. Lapetina

*Plaintiffs - Appellants*

v.

Bank of America N.A., doing business as BANA, doing business as Bank of America Corporation, doing business as BANA Holding Corporation, doing business as BAC North America Holding Company, doing business as NB Holdings Corporation; Nationstar Mortgage, LLC, doing business as Nationstar Sub1, LLC, doing business as Nationstar Sub2, LLC, doing business as Nationstar Mortgage Holdings, Inc.

*Defendants - Appellees*

———————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

———————

Submitted: September 19, 2016
Filed: January 4, 2017

———————

Before RILEY, Chief Judge, MURPHY and SMITH, Circuit Judges.

———————

RILEY, Chief Judge.

John and Christina Dunn brought this action under the Truth in Lending Act (TILA), see 15 U.S.C. § 1601, et seq., alleging Bank of America failed to provide

necessary disclosures. The district court[1] dismissed their complaint. Having appellate jurisdiction, we affirm. See 28 U.S.C. § 1291.

## I.    BACKGROUND

On October 5, 2009, John and Christina Dunn (the Dunns) obtained a loan for $262,525 from Bank of America. The loan was secured by a mortgage granting Bank of America a security interest in 2355 Sequoyah Drive in Rogers, Arkansas, which was recorded in Benton County, Arkansas.

On February 28, 2011, the Dunns sent Bank of America a letter invoking their "Right of Rescission per the Truth in Lending Act, Regulation Z" under 15 U.S.C. § 1635 and 12 C.F.R. § 226.23. The Dunns' letter stated they sought to rescind their loan because they "were not provided with any completed copies of the notice of our right to rescind the above consumer credit transaction." The Dunns asserted Bank of America had twenty days to return "all monies paid and to take action necessary and appropriate to terminate the security interest." Bank of America responded in a letter dated March 17, 2011. The letter stated the request for rescission was "forwarded to the appropriate department" and that the loan "remain[ed] in full force and effect."

In July 2013, Bank of America assigned the Dunns' mortgage to Nationstar Mortgage, and three months later, Nationstar Mortgage foreclosed. In August 2015, the Dunns brought suit against Bank of America and Nationstar Mortgage alleging Bank of America failed to provide them with two required copies of the "Notice of Right to Cancel" indicating the Dunns had three days to cancel the transaction. See 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23. The Dunns claimed defendants have failed to honor their notice of rescission and have not returned any money or terminated the security interest. The complaint also charged defendants with wrongful foreclosure

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

and sought to quiet title of "the Property." The Dunns requested declaratory and injunctive relief and actual and statutory damages. Attached to the complaint was a copy of the loan agreement.

Defendants moved for judgment on the pleadings, attaching to their motion a notarized warranty deed from the prior owners to John D. Dunn and Christina L. Lapetina[2] executed on October 5, 2009, and recorded in Benton County, Arkansas. Defendants claimed this property was the same property secured by the loan, and, accordingly, the loan was a residential mortgage transaction exempted from the TILA's right of rescission, see 15 U.S.C. §§ 1602(x), 1635(e). The district court took judicial notice of the warranty deed and concluded the Dunns' claims failed as a matter of law, agreeing with the defendants that the loan was a residential mortgage transaction to which 15 U.S.C. § 1635(a) did not apply. See id. §§ 1602(x), 1635(e). Therefore, the notice of rescission the Dunns sent to Bank of America in February 2011 could not cancel the loan or provide a basis for wrongful foreclosure and quiet title actions. The district court determined even if defendants had been required to provide disclosures under the TILA, any claim for damages would have been barred by its one-year statute of limitations. See id. § 1640(e). The Dunns appeal.

## II.  DISCUSSION

"We review de novo a grant of a motion for judgment on the pleadings," affirming "only if the moving party clearly establishe[d] that there are no material issues of fact and that it is entitled to judgment as a matter of law." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

The TILA requires creditors to provide "a meaningful disclosure of credit terms . . . to protect the consumer against inaccurate and unfair credit billing . . . practices." 15 U.S.C. § 1601(a). Within Part B, Credit Transactions, of Subchapter

---

[2]Christina Dunn was formerly known as Christina Lapetina.

I, Consumer Credit Cost Disclosure, § 1635 provides consumers with the right of rescission in certain applicable transactions. The statute provides:

> [I]n the case of any consumer credit transaction . . . in which a security interest . . . will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section[.]

Id. § 1635(a). In a consumer credit transaction "[e]xcept as otherwise provided in this section," the creditor is required to "clearly and conspicuously disclose . . . to any obligor . . . the rights of the obligor under this section." Id. An obligor who exercises the right of rescission under subsection (a) "is not liable for any finance or other charge, and any security interest given by the obligor . . . becomes void upon such a rescission." Id. § 1635(b). The obligor must exercise the right of rescission within three years after the date of the transaction or upon the sale of the secured property. See id. § 1635(f).

Section 1635(e) lists exempted transactions to which the section does not apply. One of those exempted transactions is "a residential mortgage transaction as defined in section 1602(w) of this title." Id. § 1635(e) (omitting footnote explaining section 1602(w) was "redesignated" as 1602(x)). A "'residential mortgage transaction'" is "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to *finance the acquisition* . . . of such dwelling." Id. § 1602(x) (emphasis added); accord 12 C.F.R. § 226.23(f).

Based on the plain language of the statute, an obligor to a loan which qualifies as a residential mortgage transaction is not entitled to the right of rescission under § 1635(a).[3] See Merritt v. Countrywide Fin. Corp., 759 F.3d 1023, 1029 n.7 (9th Cir. 2014) ("TILA does not apply to residential mortgages used to finance the initial acquisition or construction of a dwelling."); In re Groat, 369 B.R. 413, 416 n.10 (B.A.P. 8th Cir. 2007) ("Generally, a residential mortgage transaction or the refinance of a residential mortgage transaction is not rescindable.").

In consideration of the warranty deed attached to defendants' motion, the district court decided there was "no doubt that the loan agreement in question constitutes a residential mortgage transaction." We agree. See, e.g., Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 (8th Cir. 2012) ("When considering . . . a motion to dismiss . . . the court . . . may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." (internal citation omitted)); Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011). Although the warranty deed lists the legal description of the property and not its address, identifying the property as "Lot 2, Sequoyah Woods Subdivision, Benton County, Arkansas," it does list John Dunn's address identifying where the tax statement should be mailed as "2355 Sequoyah Dr., Rogers, Arkansas"—the same address as the mortgaged property where the Dunns admitted in their complaint they resided. The same legal description of the property was also identified in the notice of the assignment of the mortgage. The warranty deed and the loan and accompanying mortgage on 2355

---

[3]For a discussion of the rationale behind the exception applying to purchase-money mortgages, see generally, Lea Krivinskas Shepard, It's All About the Principal: Preserving Consumers' Right of Rescission Under the Truth in Lending Act, 89 N.C. L. Rev. 171, 179 n.32 (2010) ("Congress presumably was not concerned with providing borrowers a right of rescission in the purchase-money context, since, in such cases, it would likely be apparent to the borrower that the home would be encumbered by the new mortgage.").

Sequoyah Dr. were signed and executed on the same date, October 5, 2009, and both recorded in the Benton County register's office on October 8, 2009. The district court also noted the Dunns did "not dispute that the mortgage was created to finance the acquisition of the dwelling secured by it."

For the first time on appeal, the Dunns contend the district court erred by "assum[ing] certain facts outside of the pleadings" in concluding the warranty deed financed the acquisition of the property. The Dunns claim the four parties to the warranty deed *could* have been joint owners of the property, so that the loan obtained to finance the conveyance from the previous owners to the Dunns actually could be a "refinance because the Appellants would already have been on [the] title." Generally, we do not address parties' arguments that were not raised before the district court. See Orr v. Wal-Mart Stores, Inc., 297 F.3d 720, 725 (8th Cir. 2002). Even so, we are unpersuaded by this line of reasoning—the deed clearly shows the Dunns acquired the property through that conveyance. Cf. Middleton v. Guaranteed Rate, Inc., No. 2:15-CV-00943, 2015 WL 3934934, at *3 (D. Nev. June 25, 2015), appeal dismissed (Oct. 27, 2015) ("[I]t is clear on the face of the Complaint . . . and the judicially noticeable public records that [plaintiffs] obtained the loan in order to acquire the Property, not to refinance it. Prior to the purchase of the Property . . . it belonged to the Federal National Mortgage Corporation."). We similarly reject the Dunns' other fresh arguments on appeal that the warranty deed was inadmissible hearsay and not properly authenticated. The deed was notarized and recorded by the circuit clerk of Benton County, resulting in authentication and a hearsay exception. See, e.g., Fed. R. Evid. 803(8), 803(14), 901(b)(7)(A), 902(8).

The remainder of the Dunns' arguments on appeal assume they are entitled to rescission under § 1635(a) and address defendants' conduct since the time the Dunns sent Bank of America their purported rescission notice of the loan. Because they were never entitled to rescission under § 1635(a), that notice of rescission had no legal effect. The Dunns cite Jesinoski v. Countrywide Home Loans, ___ U.S. ___,

-6-

135 S. Ct. 790, 792 (2015), arguing there is "no distinction between disputed and undisputed rescission." <u>Jesinoski</u>, however, addressed what action an obligor had to take within § 1635(a)'s three-year statute of limitations to invoke the right of rescission—not whether § 1635(a) applied at all. <u>See</u> <u>id.</u> at ___, 135 S. Ct. at 792-93; <u>see</u> <u>also</u> <u>Beukes v. GMAC Mortg., LLC</u>, 786 F.3d 649, 652 (8th Cir. 2015). Although the Supreme Court did not discuss the loan at issue in <u>Jesinoski</u> in great detail, it did indicate the loan refinanced the plaintiffs' home mortgage, unlike the loan here. <u>Jesinoski</u>, ___ U.S. at ___, 135 S. Ct. at 791-92; <u>cf.</u> 15 U.S.C. § 1602(x); <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 413-15 (1998) (explaining a refinance loan secured by a primary residence is subject to § 1635(a) disclosure); <u>Rand Corp. v. Yer Song Moua</u>, 559 F.3d 842, 843 (8th Cir. 2009) (same).

The Dunns do not contest that their action for damages under the TILA is barred by its one-year statute of limitations, yet they contend they are still entitled to declaratory relief.[4] Because § 1635(a) does not apply, we disagree. <u>Cf.</u> <u>In re Buckles</u>, 189 B.R. 752, 763 (Bankr. D. Minn. 1995).

## III. CONCLUSION

We affirm the judgment of the district court.

––––––––––––––––––––––––––––––

---

[4]The Dunns did not address the district court's dismissal of their other claims on appeal.