**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TIMOTHY BARNES,

          Plaintiff-Appellant,

  v.

CHASE HOME FINANCE, LLC, a
Delaware corporation; CHASE BANK
USA, N.A., a subsidiary of JP Morgan
Chase & Co., a Delaware corporation;
IBM LENDER BUSINESS PROCESS
SERVICES, INC., a Delaware corporation;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

          Defendants-Appellees.

No.   13-35716

D.C. No. 3:11-cv-00142-PK

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted May 10, 2017
Portland, Oregon

_____

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: BYBEE and HURWITZ, Circuit Judges, and RAKOFF,[**] District Judge.

Timothy Barnes mailed a notice that he was exercising his right to rescind his mortgage to his creditor, Chase Bank USA, N.A. (CBUSA), and the loan servicers to which he had been making monthly payments, Chase Home Finance, LLC (CHF) and later IBM Lender Business Process Services, Inc. (LBPS). For reasons that are unclear from the record, the letter to the creditor was returned to Barnes undelivered. The loan was not rescinded, and Barnes brought suit for rescission and violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, and its requirements regarding rescission procedures against CBUSA, CHF, and LBPS.[1] The district court granted the defendants' motion for summary judgment. Because notice of rescission was properly given, we vacate the grant of

---

[**] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

[1] The Federal National Mortgage Association (Fannie Mae) was later added as a defendant in an amended complaint.

summary judgment on Barnes's claims for rescission and failure to effect rescission and remand for further proceedings.[2]

1. A borrower may rescind a loan within three years of the loan transaction if the creditor fails to provide specific disclosures required by TILA. *See* 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3).  To exercise that right, a borrower must "notify[] the creditor, in accordance with regulations of the Bureau, of his intention to do so."  15 U.S.C. § 1635(a); *see also Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) ("[R]escission is effected when the borrower notifies the creditor of his intention to rescind.").  TILA's core implementing regulation, known as Regulation Z, outlines further details on how the borrower is to exercise the right to rescind.  *See* 12 C.F.R. § 226(a).  Specifically, Consumer Financial Protection Bureau (CFPB) Official Staff Commentary to Regulation Z provides: "Where the creditor fails to provide the consumer with a designated address for sending the notification of rescission, delivery of the notification to the person or address to which the consumer has

---

[2] Fannie Mae became a creditor after the three-year statute of repose date passed.  Any claim against CBUSA can be brought against Fannie Mae as an assignee of CBUSA's interest, and should not have been be dismissed.  *See* 15 U.S.C. § 1641(c) ("Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation.").

been directed to send payments constitutes delivery to the creditor or assignee." 12 C.F.R. § 226, Supp. I, para. 23(a)(2); Truth in Lending, 69 Fed. Reg. 16,769-03, 16,771 (Mar. 31, 2004).

Barnes attempted to notify both the creditor, CBUSA, and the servicer, CHF, of his intent to rescind by mailing letters to the addresses they had provided him. CBUSA "fail[ed] to provide [Barnes] with a designated address for sending the notification of rescission" because the address it did provide was not successfully receiving mail when Barnes sent his notice there. *See* 12 C.F.R. § 226, Supp. I, paras. 15(a)(2), 23(a)(2). The only remaining action for Barnes to take, per Regulation Z and the CFPB Official Staff Commentary, was to notify the servicer, which he had already done. Barnes's letter to CHF therefore provided sufficient notice to CBUSA that he was exercising his right to rescind.

2. There remain disputed issues of fact warranting reversal of summary judgment for the claims against the defendants for failure to effect rescission in accordance with TILA's requirements. Because the rescission notice was timely provided, failure to comply with the requirements in 15 U.S.C. § 1635(b) within 20 days is actionable under 15 U.S.C. § 1640(a). Barnes's claim for damages, a declaratory judgment, and injunctive relief for failure to effect rescission following

4

timely notice of intent to rescind against CBUSA and Fannie Mae were thus improperly dismissed on summary judgment by the district court.

Barnes also argues that CHR and LBPS are liable for failure to rescind based on the theory that they are assignees. Due to the lack of clarity in the record on the relationship between the lenders and the servicers, Barnes has established a genuine dispute as to material fact on this question sufficient to survive summary judgment.

3. Barnes argues that the servicers, CHF and LBPS, are liable under 15 U.S.C. § 1640(a) for failure to provide requested information about the creditor under § 1641(f)(2) ("Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation."). Barnes requested information about the name, address, and telephone number of the creditor from CHF and LBPA, and the record is not clear whether he actually received it. Because Barnes has raised a genuine issue of material fact regarding compliance with TILA, the district court erred in granting summary judgment on this issue.

**VACATED AND REMANDED.**