**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BANK OF AMERICA, N.A., | No.   17-16577 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-00116-RCJ-VPC |
| v. | |
| THUNDER PROPERTIES, INC., | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| ESPLANADE AT DAMONTE RANCH HOMEOWNERS ASSOCIATION; ATC ASSESSMENT COLLECTION GROUP, LLC, AKA Angius & Terry Collections, LLC, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Senior District Judge, Presiding

Submitted January 23, 2020[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER, R. NELSON, Circuit Judges, and SESSIONS,[***] Senior District Judge.

Appellant Thunder Properties, Inc. ("Thunder") appeals the district court's grant of summary judgment in favor of appellee Bank of America, N.A. ("BANA") on BANA's action to quiet title to a property in Reno, Nevada (the "Property"). We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the district court's grant of summary judgment. *See Barnes v. Chase Home Fin., LLC*, 934 F.3d 901, 906 (9th Cir. 2019). We affirm.

At the time of the 2010 foreclosure sale on the Property, Esplanade at Damonte Ranch Homeowners' Association (the "HOA") made clear, as both the foreclosing party and the purchaser at foreclosure, that it was purchasing only the sub-priority portion of its homeowners' association lien. Because the intent of the parties dictates the extent of the estate conveyed, *see City Motel, Inc. v. State ex rel. State Dep't of Highways*, 336 P.2d 375, 377 (Nev. 1959), amendment of the foreclosure deed in 2013 did not expand the HOA's rights in the property to include the super-priority portion of the lien. Accordingly, the district court properly concluded that BANA's priority position as the holder of the deed of trust

[***] The Honorable William K. Sessions III, Senior District Judge for the District of Vermont, sitting by designation.

was never extinguished, and Thunder purchased the property subject to the deed of trust.

The district court also correctly concluded that Thunder is not a bona fide purchaser for value without notice. Given the plain terms of the initial foreclosure deed, Thunder was on at least inquiry notice that it was purchasing subject to the deed of trust. *See Allison Steel Mfg. Co. v. Bentonite, Inc.*, 471 P.2d 666, 668–69 (Nev. 1970).

The Court has considered Thunder's remaining arguments and finds them to be without merit.

**AFFIRMED.**