
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. BANK, as Trustee on behalf of Certificate Holders of Bear Stearns Asset-Backed Securities 1 Trust 2006-AC5, Asset-Backed Certificates, Series 2006-AC5, | No. 17-16415 |
| | D.C. No. 2:15-cv-00786-RCJ-PAL |
| Plaintiff-counter-defendant-Appellee, | |
| | MEMORANDUM* |
| v. | |
| SANDSTONE CONDOMINIUMS HOMEOWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC.; UNDERWOOD PARTNERS, LLC, | |
| Defendants, | |
| and | |
| NV EAGLES, LLC, | |
| Defendant-counter-claimant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Senior District Judge, Presiding

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted January 23, 2020[]
San Francisco, California

Before: W. FLETCHER, R. NELSON, Circuit Judges, and SESSIONS,[***] District Judge.

Appellant NV Eagles, LLC ("NV Eagles") appeals the district court's grant of summary judgment in favor of appellee U.S. Bank on its action to quiet title to a property in a common-interest community in Mesquite, Nevada. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the district court's grant of summary judgment. *See Barnes v. Chase Home Fin., LLC*, 934 F.3d 901, 906 (9th Cir. 2019). We affirm.

Through counsel, Bank of America, U.S. Bank's predecessor-in-interest, tendered a check to the agent of Sandstone Condominiums Homeowners Association (the "HOA") for $2,036.33. This more than satisfied the superpriority portion of the HOA lien on the property, consisting of nine months' worth of unpaid common assessments ($1,440). NV Eagles concedes no maintenance or nuisance abatement costs were incurred by the HOA for this property. *See Bank of Am., N.A. v. Arlington*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William K. Sessions III, Senior District Judge for the District of Vermont, sitting by designation.

*W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) (citing *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117–18 (Nev. 2018) (*"Diamond Spur"*)); *see also* NEV. REV. STAT. § 116.3116. Accordingly, U.S. Bank's interest in the property was superior to the remainder of the HOA's lien at the time of the foreclosure sale, and NV Eagles purchased the property subject to the deed of trust. *See Diamond Spur*, 427 P.3d at 116.

NV Eagles' multiple attempts to distinguish *Diamond Spur* and avoid its conclusions all fail. Its argument that the HOA had a good-faith basis for rejecting the tender offer is without merit. A plain reading of Nevada Revised Statues § 116.3116 revealed that the superpriority portion of an HOA lien included "only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *See id.* at 117. Bank of America's tender offer was conditional, but it was a condition on which it "had a legal right to insist." *See id.* at 118. It is inconsequential that Bank of America did not consider nuisance and abatement costs in its tender—none were incurred.

Bank of America's tender offer was not required to be recorded. *See id.* at 119–20. It did not act as a conveyance, and the lien was not discharged by an instrument. *See id.* Moreover, NV Eagles' status as a bona fide purchaser is

irrelevant because Bank of America's valid tender rendered the HOA's foreclosure sale void. *Id.* at 121.

The district court did not reach the question of commercial unreasonableness, and neither do we. *See, e.g.*, *Lounsbury v. Thompson*, 374 F.3d 785, 790 (9th Cir. 2004). However, it bears noting that Bank of America was not required to take additional measures to protect its interest. *See Diamond Spur*, 427 P.3d at 120–21.

**AFFIRMED.**

4